# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS IBARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 11-1270 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Jesus Ibarra ("Ibarra") filed this action on August 24, 2011. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on September 9 and 21, 2011. (Dkt. Nos. 7, 9.) On April 30, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On March 27, 2008, Ibarra filed an application for supplemental security income benefits, alleging an onset date of February 1, 2008. Administrative Record ("AR") 103-09. The application was denied initially and upon reconsideration. AR 51, 52. Ibarra requested a hearing before an Administrative Law Judge ("ALJ"). AR 67. On July 30, 2009 an ALJ conducted a hearing at which Ibarra, a medical expert and a vocational expert testified. AR 23-50. On November 25, 2009, the ALJ issued a decision denying benefits. AR 8-19. On June 23, 2011, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Ibarra had the severe impairment of "substance induced psychotic disorder." AR 13. Ibarra had the residual functional capacity ("RFC") to perform medium work except that he was limited to "simple, repetitive tasks, one- and two-step instructions, in a non-public work environment." AR 15. Ibarra had no past relevant work, but could perform jobs that exist in significant numbers in the national economy such as vehicle cleaner, hand packer and garment sorter. AR 17-18.

### C. Step Five of the Sequential Analysis

Ibarra contends that the ALJ erred in finding that he could perform the jobs of vehicle cleaner, hand packer and garment sorter. He argues that these jobs, which require reasoning level 2, are inconsistent with the ALJ's RFC assessment that Ibarra is limited to one- and two-step instructions.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id*.

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]."[1] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling ("SSR") 00–4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the vocational expert's testimony, and "then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]."[2] *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id*. at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE provided sufficient support for her conclusion to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

---

[1] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (footnotes omitted).

4

Under the DOT, the General Educational Development ("GED") Scale measures "those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C, Section III, 1991 WL 688702 (1991). The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development. *Id.* Reasoning Development Levels One requires a person to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning Development Level Two requires a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.*

Based on the vocational expert's testimony, the ALJ determined that Ibarra could perform the occupations of vehicle cleaner, hand packer and garment sorter, all of which require a reasoning level of 2 according to the DOT. (AR 48; DOT 919.687-014 [vehicle cleaner]; DOT 920.587-018 [hand packer]; DOT 222.687-014 [garment sorter].)

The "weight of prevailing authority precludes a finding of any inconsistency between a reasoning level of two and a mere limitation to simple, repetitive tasks or unskilled work." *Coleman v. Astrue*, 2011 U.S. Dist LEXIS 19892, at *12–*14 (C.D. Cal. 2011) (collecting cases); *see Watkins v. Astrue*, 2012 U.S. Dist. LEXIS 5199, at *14-*15 (C.D. Cal. Jan. 17, 2012).

However, there is an inconsistency with reasoning level 2 when the ALJ's RFC assessment includes an additional restriction to one- and two-step instructions. *See Cardoza v. Astrue*, 2011 U.S. Dist. LEXIS 33821, at *5-*6 (C.D. Cal. 2011) (collecting cases); *see also Pouria v. Astrue*, 2012 U.S. Dist. LEXIS 76692, at *5 (C.D. Cal. June 1, 2012). The limitation to one- and two-step instructions parallels the language contained in the description of reasoning level

5

1, as distinguished from reasoning level 2.  *See Coleman*, 2011 U.S. Dist LEXIS 33821, at *14.  "Level 2 reasoning jobs may be simple, but they are not limited to one- or two-step instructions.  The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning." *Grigsby v. Astrue*, 2010 U.S. Dist. LEXIS 5465, *6 (C.D. Cal. 2010).

A remand for further administrative proceedings is appropriate because it is not clear that there are no alternative jobs that Ibarra could perform consistent with the ALJ's RFC assessment.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 3, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge